IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(1) FALCONHEAD PROPERTY OWNERS ASSOCIATION, INC.<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. 19-CV-135-SPS<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** Philadelphia Indemnity Insurance Company (hereinafter "Philadelphia Indemnity"), Plaintiff herein, and brings this lawsuit seeking the declaratory judgment of this Court pursuant to 28 U.S.C. § 2201 against Defendant Falconhead Property Owners Association, Inc. ("Falconhead") to determine a controversy as to the rights and obligations of the parties under contracts of insurance related to claims arising out of alleged property damage to buildings, and in support thereof does allege and state as follows, to wit:

### JURISDICTION

1.　Philadelphia Indemnity is a corporation organized and existing under the laws of the State of Pennsylvania, which has its principal place of business within the State of Pennsylvania, and is therefore a citizen of the State of Pennsylvania.

1

2. Falconhead is a domestic corporation organized under the laws of the State of Oklahoma, which has its principal place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

3. This lawsuit concerns Falconhead's claim of entitlement to payment for alleged property damage to certain buildings insured under the property coverage of contracts of insurance issued by Philadelphia Indemnity to Falconhead, which each have coverage limits in excess of $75,000.00, for purported losses in excess of $75,000.00, by reason of which the amount in controversy in this lawsuit exceeds $75,000.00 exclusive of interest and costs.

4. Therefore, by virtue of the complete diversity of the citizenship of the parties to this action and the sufficiency of the amount in controversy, this Court is vested with jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

## VENUE

5. The claim of Philadelphia Indemnity for a declaratory judgment concerns the rights and obligations of the parties to this lawsuit under policies of insurance issued by Philadelphia Indemnity to Falconhead in Burneyville, Love County, Oklahoma, in relation to alleged property damage to buildings located in Burneyville, Love County, Oklahoma.

6. Because a substantial part of the events giving rise to the claim at issue in this lawsuit occurred within the territory of which the Eastern District of Oklahoma is comprised, venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

7. Philadelphia Indemnity Insurance Company issued various insurance contracts to Falconhead Property Owners Association Inc. as named insured, including policies numbered PHPK961574 and effective from January 1, 2013 to January 1, 2014; numbered PHPK1436566 and effective from January 1, 2016 to January 1, 2017; and numbered PHPK1595268 and effective from January 1, 2017 to January 1, 2018; all of which, subject to the terms and conditions therein, afforded property coverage to certain buildings associated with a golf course. [Excerpts consisting of the pertinent property coverages of the 2013-2014 and 2016-2017 policies at issue herein are attached hereto as Exhibits 1 and 2, respectively].

8. On or about May 1, 2017 Falconhead reported a claim to Philadelphia Indemnity for wind damage to three buildings - the clubhouse, administration building, and pro shop - allegedly due to high winds, with a claimed date of loss of April 30, 2017.

9. On or about May 5, 2017, these buildings were inspected, and Falconhead, through its agent, advised Philadelphia Indemnity that no other property had been damaged as a result of the windstorm.

10. However, Falconhead subsequently claimed that additional property and buildings had been damaged as the result of a hail storm, and so on or about June 18, 2017 and thereafter, Philadelphia Indemnity requested that Falconhead provide a complete listing of all damage claimed, including the location, nature, and date of loss.

11. On or about August 14, 2017, Falconhead entered into a Non-Waiver Agreement with Philadelphia Indemnity, but, even after repeated requests, Falconhead did

not provide the listing of all damages claimed, including the location, nature, and date of loss.

12. Each Philadelphia policy included, as a condition to coverage, that upon request Falconhead must provide complete inventories of damaged and undamaged property including costs, values, and amount of loss claimed, as well as cooperate in the investigation of the claim.

13. On or about September 15, 2017, Falconhead submitted its claim to Philadelphia Indemnity for damage to Falconhead's property allegedly due to hail, claiming a new date of loss of April 18, 2016.

14. Philadelphia Indemnity investigated the wind and hail claims of Falconhead, including by retaining an independent adjusting firm and an engineer to inspect the premises.

15. Philadelphia Indemnity has paid for the wind claim to the satisfaction of Falconhead, and that claim is not a part of this dispute.

16. With respect to Falconhead's hail claim, however, Philadelphia Indemnity concluded that no hail fell on or near the insured premises on the claimed 2016 date of loss or had fallen in the recent past since in or about May of 2013.

17. The 2013-2014 and 2016-2017 Philadelphia Indemnity policies each included, as a condition to coverage, that Falconhead provide prompt notice of a loss, and that "no one may bring a legal action against us under [the Property Coverage] unless...the action is brought within 2 years after the date on which the direct physical loss or damage occurred." [*See* Exhs. 1 and 2].

18. In an effort to reach an accommodation with Falconhead, Philadelphia Indemnity extended coverage for certain hail damage in relation to Falconhead's hail claim, but concluded that other claimed damage was not covered under the policies, either because there was no damage or damage occurred to structures not covered under the policies; or because the damage was not caused by a covered cause of loss but was instead the result of long term issues, including wear and tear, improper maintenance, and/or improper construction; or because the damage was excluded by the applicable fungus and other exclusions of the policies.

19. Falconhead retained a public adjuster who, as Falconhead's agent, disputed the conclusions of Philadelphia Indemnity and demanded payment in excess of $250,000 for alleged damages caused by hail.

20. Despite Philadelphia Indemnity paying all it believed was possibly owed, Philadelphia Indemnity's independent adjuster and Falconhead's public adjuster attempted to reach a resolution concerning their differences on the scope, cause, and value of damage, but Falconhead has continued to demand that Philadelphia Indemnity pay in excess of $250,000 for its hail claim.

21. Therefore, a dispute presently exists as between Philadelphia Indemnity and Falconhead which they have been unable to resolve concerning what, if any, additional coverage is owed for any hail damage to the insured property, by reason of which Philadelphia Indemnity brings this lawsuit seeking the Court's declaration as to the following issues:

a. Whether the insured has suffered loss or damage to covered property caused by a covered cause of loss and not otherwise excluded under the terms of the above-referenced 2013-2014 and 2016-2017 policies of insurance issued by Philadelphia Indemnity to Falconhead;

b. Whether, if the insured property suffered loss or damage that is covered by those policies and not excluded, Falconhead failed to satisfy conditions precedent and subsequent to the recovery of proceeds under those policies;

c. Whether, if coverage is afforded under those policies and recovery is not otherwise barred or precluded, Falconhead is owed anything further under the terms of those policies; and

d. If coverage is afforded under those policies, Falconhead's recovery is not otherwise barred, and Falconhead is owed something further under the terms of those policies, the amount of any further loss for which coverage is afforded under those policies.

22. An actual dispute presently exists as to these issues as between Philadelphia Indemnity and Falconhead, by reason of which a justiciable controversy is presented by this action for a determination by this Court of the rights and obligations of the parties under the referenced contracts of insurance.

**WHEREFORE, PREMISES CONSIDERED,** Philadelphia Indemnity Insurance Company, Plaintiff herein, does respectfully pray that this honorable Court enter its judgment declaring the respective rights and obligations of the parties hereto in relation to the coverage afforded by the 2013-2014 and 2016-2017 policies of insurance issued by

Plaintiff Philadelphia Indemnity Insurance Company to Defendant Falconhead Property Owners Association Inc. for its hail claim, and finding that:

1. No further coverage is afforded to Falconhead for its claim and that Philadelphia Indemnity has paid all that may be owed under those policies; or,

2. If further coverage is afforded to Defendant Falconhead for its insurance claim, the amount of loss, if any, covered by those policies;

and additionally awarding to Plaintiff Philadelphia Indemnity its attorney fees and costs incurred in the prosecution of this lawsuit, and for such other and further relief as the Court deems just and equitable in the premises.

                                                                   Respectfully submitted,

                                                                   *s/Casper J. den Harder*
Phil R. Richards, OBA #10457
Casper J. den Harder, OBA #31536
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma  74103
Telephone:  918/585.2394
Facsimile:  918/585.1449
Email: prichards@richardsconnor.com
       cdenharder@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY**